**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LARRY GREEN, | Civil Action No. 02-1872 (GEB) |
| Plaintiff, | |
| v. | OPINION |
| ESSEX COUNTY SUPERIOR COURT CLERK, | |
| Defendant. | |

RECEIVED
APR 6 2006
AT 8:30 _____
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

    LARRY GREEN, Petitioner Pro Se
    #162071
    Essex County Jail Annex
    45 Elm Road
    Caldwell, New Jersey 07006

    BETH C. ROGERS, ESQ.
    MATTHEW A. SAPIENZA, ESQ.
    Office of the New Jersey Attorney General
    New Jersey Department of Law & Public Safety
    Richard J. Hughes Justice Complex
    25 Market Street, P.O. Box 112
    Trenton, New Jersey 08625
    Attorneys for Defendant, Essex County Superior Court Clerk

**BROWN, JR., Chief Judge**

    This matter comes before the Court upon defendant Essex County Superior Court Clerk's ("Defendant") motion to dismiss plaintiff Larry Green's ("Plaintiff") Complaint, pursuant to

Fed.R.Civ.P. 12(b)(6).  The motion is unopposed.[1]  The Court, having considered the Defendant's submissions, and having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, will grant Defendant's motion to dismiss the Complaint.

**I. BACKGROUND**

Plaintiff, a pro se litigant, filed this Complaint, on or about April 23, 2002, seeking damages pursuant to 42 U.S.C. § 1983 for alleged violations of his rights secured by the Constitution and laws of the United States.  The sole defendant appears to be the Essex County Superior Court Clerk.  (Complaint, ¶ 4(b)).  Plaintiff states that, on February 25, 2002, he sent a petition for a writ of habeas corpus to the Essex County Courthouse, checked its status on March 12, 2002, and found that the Clerk had "failed to produce my petition to the judge and my lawyer and [to] the prosecutor['s] office."  (Compl., ¶ 6).  Plaintiff further alleges that, as of April 8, 2002, "the judge still hasn't received it."  (Id.).  Plaintiff adds that "they don't want to give me the name of the Court Clerk."  (Id.).

---

[1] Plaintiff did not respond to Defendant's motion; consequently, the Court will review the motion as unopposed.  The Court also notes that Plaintiff is no longer incarcerated, and has not informed the Clerk of the Court as to his current address as required under Local Civil Rule 10.1(a).  The docket reflects that, on June 25, 2003, mail sent to Plaintiff by the Clerk at the Plaintiff's last known address as listed on the docket was returned to the Clerk.  (See Docket Entry No. 8).  Thus, this action may alternatively be dismissed for want of prosecution.

Plaintiff asserts that his constitutional right of access to the courts has been violated by the Defendant's failure to "process" his petition for a writ of habeas corpus. He seeks compensatory and punitive damages, as well as injunctive relief. (Compl., ¶ 7).

As set forth in Defendant's moving brief, Plaintiff was indicted on April 5, 2001 on felony charges of conspiracy and theft by unlawful taking. Plaintiff was also indicted separately on charges of conspiracy, robbery, unlawful possession of a weapon, aggravated assault, kidnaping, eluding police, and carjacking. Bail was set on all charges at $75,000.00. (Certification of Matthew Sapienza ("Sapienza Cert.") at ¶ 5, Exhibit A).

On July 26, 2002, Plaintiff was tried before a jury on the second indictment, and was found not guilty. At that time, pursuant to a plea agreement, Plaintiff pled guilty to the conspiracy charge on the first indictment, and he was released on his own recognizance on July 26, 2002. Plaintiff was sentenced on October 11, 2002 to a three-year term of probation on the conspiracy charge. (Sapienza Cert. at ¶¶ 6, 7).

On February 25, 2002, while the above-mentioned charges were pending, Plaintiff filed this Complaint. On August 22, 2003, Defendant filed an Answer to the Complaint. Defendant filed this Rule 12(b)(6) motion on August 23, 2005.

## II. DISCUSSION

### A. Standard for a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atlantic City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)(citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commonwealth of

Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citation omitted).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . . ." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness. Papasan v. Allain, 478 U.S. 265, 286 (1986)(citation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (stating that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.")(citations omitted)).

B. **The Complaint Is Barred By The Eleventh Amendment**

Defendant first asserts that the Complaint is barred by Eleventh Amendment sovereign immunity. The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

The Superior Court of New Jersey and its vicinages are part of the judicial branch of the State of New Jersey, and are thus protected by the Eleventh Amendment. See Johnson v. State of New Jersey, 869 F. Supp. 289, 296-98 (D.N.J. 1994). See also Hunter v. Supreme Court of New Jersey, 951 F. Supp. 1161, 1177 (D.N.J. 1996), aff'd, 118 F.3d 1575 (3d Cir. 1997). Further, where employees of the Superior Court of New Jersey are sued for actions taken in their official capacity, they are likewise protected by the State's sovereign immunity under the Eleventh Amendment. See Hunter, 951 F. Supp. at 1178; Johnson, 869 F. Supp. at 298.[2]

Here, the Complaint does not expressly identify the capacity in which Plaintiff is suing the Defendant; however, it is plain that any damage award would be paid from the State treasury in contravention of the Eleventh Amendment. See Edelman, 415 U.S. at 662-65 (the Eleventh Amendment may bar a suit even though the state is not named as a party, provided that the state is the real party in interest). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. at

---

[2] Although "state officials literally are persons ... a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will, 491 U.S. at 71.

166. Therefore, Plaintiff's claim for compensatory and punitive damages asserted against the Essex County Superior Court Clerk in his/her official capacity must be dismissed with prejudice.[3]

However, Plaintiff also seeks injunctive relief against Defendant in this action. The "broad grant of immunity [under the Eleventh Amendment] has been qualified by the judicial doctrine of Ex Parte Young, which allows suits against States in

---

[3] To the extent that Plaintiff is suing the Defendant in his/her individual capacity, the Court finds that the suit fails because Plaintiff has not stated a claim for violation of his right of access to the courts. It is well established that, as a matter of law, the failure of a clerk to file a document does not violate a litigant's right of access to the courts. See Snyder v. Nolen, 380 F.3d 279, 291-92 (7th Cir. 2004) (Easterbrook, J., concurring). In Snyder, the court clerk failed to file a divorce petition submitted by a state prisoner because the clerk mistakenly believed that counsel was required to prosecute such an action. Judge Easterbrook found no constitutional violation because a litigant has the opportunity to move the court to direct the clerk to file the document. Id. "Errors in the course of litigation may justify motions and appeals; they do not support damages litigation under the Federal Constitution." Id. at 293. Here, Plaintiff had the opportunity to apply to the Judge of the Superior Court to compel the Clerk to file the Plaintiff's state habeas petition. Plaintiff did not do so. Moreover, Plaintiff did have counsel representing him with respect to the criminal charges for which Plaintiff sought release from custody. Thus, at most, the Complaint states a claim of simple negligence by the Clerk in allegedly depriving Plaintiff access to the courts, which is not an actionable constitutional claim under § 1983. See Turner v. Donnelly, 156 Fed. Appx. 481, 483-84 (3d Cir. 2005)(citing Daniels v. Williams, 474 U.S. 327, 328 (1986), where the Supreme Court removed negligent denials of access from the reach of § 1983; and Snyder, 380 F.3d at 291 n. 11 ("an allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts")). Finally, the claim is now rendered moot by Plaintiff's release from custody and his failure to prosecute his claim in this Court.

federal court seeking prospective injunctive relief to proceed only against state officials acting in their official capacities." Doe v. Div. of Youth and Family Servs., 148 F. Supp. 2d 462, 483 (D.N.J. 2001)(citing Ex Parte Young, 209 U.S. 123 (1908)).

To determine the effect of Ex Parte Young on this case, the Supreme Court has stated that "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310 (3d Cir. 2002)(citing Verizon Maryland, Inc. v. Public Serv. Comm'n of Maryland, 535 U.S. 635, 645 (2002)). The Court finds that Plaintiff's Complaint alleges a past violation of federal law, which sought prospective relief at the time, and has since been rendered moot by Plaintiff's release from jail on July 26, 2002. Accordingly, the Complaint is now barred by the Eleventh Amendment. Plaintiff can prove no set of facts that would entitled him to injunctive relief that is now moot, and his Complaint must be dismissed.

Having determined that Plaintiff's claim should be dismissed pursuant to Eleventh Amendment immunity, the Court need not address Defendant's other grounds for dismissal.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint is granted. Alternatively, the Court dismisses the Complaint for want of prosecution since the Plaintiff has failed to advise the Clerk of the Court of his current address, as required in Local Civil Rule 10.1(a), and has taken no action since 2003 to prosecute his Complaint. An appropriate form of order is filed herewith.

*[signature]*
GARRETT E. BROWN, JR., Chief Judge
United States District Court

DATED: *April 6, 2006*